**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANTHONY TURIELLO, and THE TURIELLO LIVING TRUST DATED DECEMBER 18, 2008,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL SPRINKLER LLC, and JOHNSON CONTROLS, INC.,<br><br>Defendants. | Civil Action No. 25-497-GBW |

**MEMORANDUM ORDER**

AND NOW, this 28th day of August 2026, having considered the parties' discovery dispute before the Court, which is whether Defendants Johnson Controls, Inc. and Central Sprinkler LLC (collectively, "Defendants" or "JCI") may serve their proposed categorical privilege log on Plaintiffs instead of a document-by-document privilege log for the approximately 8,000 documents withheld from production to Plaintiffs by Defendants as allegedly privileged (*see* D.I. 125), and the parties' respective submissions on the issue (D.I. 128; D.I. 129), IT IS HEREBY ORDERED that Defendants' request to serve their proposed categorial privilege log on Plaintiffs is DENIED. IT IS FURTHER ORDERED that, with respect to the approximately 8,000 documents withheld from production

to Plaintiffs by Defendants allegedly on grounds of privilege, Defendants shall produce and serve on Plaintiffs on or before September 11, 2026 a document-by-document privilege log which, for each document withheld from production allegedly on grounds of privilege, "establish[es] on a document-by-document basis sufficient detail to show a prima facie basis to support" the claimed privilege. *Allscripts Healthcare, LLC v. Andor Health, LLC*, 2022 WL 605347, at *2 (D. Del. Jan. 27, 2022) (internal quotations omitted).

Federal Rule of Civil Procedure 26(b)(5) applies "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged." It requires parties to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5). In the instant action, Defendants' proposed categorical privilege log, which is attached in representative form as Exhibit A to D.I. 128, fails to meet the requirements of Rule 26(b)(5) to describe the withheld documents with sufficient details to allow Plaintiffs to assess the asserted privilege claim. Among other reasons, the lack of dates for each document, the undifferentiated listing of participants as a group for a category of documents - as opposed to for each document - with asterisks next to attorneys without indicating whether those attorneys sent, received, or were merely

copies on the communication, and the failure to explain the reason for the clamed privilege deprives Plaintiffs of sufficient information to evaluate Defendants' privilege claims for the documents withheld. Thus, Defendants' proposed categorical privilege log does not meet the requirements of Rule 26(b)(5).

Also, Defendants admit in their submission that "JCI must, and has reviewed each document individually to determine whether privilege or work-product protection applies . . ." D.I. 128 at 2 and 3. Therefore, it appears that the lion share of the work necessary for a document-by-document privilege log has already been completed by Defendants. The additional amount of work for Defendants to create a document-by document privilege log, given that the documents have already been reviewed and evaluated for privilege individually by Defendants, is unlikely to create an undue burden on Defendants.

WHEREFORE, for all the above reasons, Defendants' request is DENIED, and Defendants shall produce and serve on Plaintiffs a document-by-document privilege log on or before September 11, 2026.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE